# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB, <br><br> Plaintiffs, <br><br> v. <br><br> SAGENT PHARMACEUTICALS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:14–CV–05539-RMB-KMW

Hon. Renée Marie Bumb, U.S.D.J.
Hon. Karen M. Williams, U.S.M.J.

## DISCOVERY CONFIDENTIALITY ORDER

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB (collectively, "AstraZeneca") and Defendant Sagent Pharmaceuticals, Inc. ("Sagent") (collectively "the Parties") by and through their undersigned counsel, hereby stipulate and agree, subject to the approval and order of the Court, that the following Discovery Confidentiality Order shall govern the use, disclosure, and dissemination of documents, things, and other material containing trade secrets and other confidential research, development, and commercial information obtained through discovery in the above-captioned case. The Parties request that the Court enter this Discovery Confidentiality Order ("Order") in the above-captioned case as follows:

IT IS HEREBY AGREED AND ORDERED:

**Designation Of Confidential Material**:  Any person or entity (the "Producing Party") producing documents, things, information, or other material in this action ("Produced Material") may designate as "Confidential Material" pursuant to this Order any Produced Material that the

Producing Party in good faith considers to: (i) be, reflect, or reveal trade secrets, confidential research, development, or commercial information, competitively sensitive technical, marketing, financial, sales or other confidential business information, (ii) contain private or confidential personal information, (iii) contain information received in confidence from third parties, or (iv) contain information that the producing party otherwise believes in good faith to be entitled to protection in accordance with Fed. R. Civ. P. 26(c)(1)(G), which, if disclosed, may cause competitive harm, or other information required by law or agreement to be kept confidential.  Such designated material may include, without limitation, testimony adduced at depositions, documents or things produced in response to discovery requests, responses to interrogatories and requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, and any other information furnished directly or indirectly in the above-captioned action.  All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom, shall hereinafter be referred to as "Confidential Material."

**Designation Of Outside Counsel's Eyes Only Material:** Any Producing Party may designate as "Outside Counsel's Eyes Only" (hereinafter "Outside Counsel's Eyes Only Material") pursuant to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business, financial or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Such designated material may include, without limitation, testimony adduced at depositions, documents or things produced in response to discovery requests, responses to interrogatories and requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts,

2

matters in evidence, and any other information furnished directly or indirectly in the above-captioned action.

1.   **Labeling Of Confidential And Outside Counsel's Eyes Only Material:**

a.   The designation of information as Confidential  or Outside Counsel's Eyes Only Material for purposes of this Order shall be made in the following manner:

(1)   with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY"; and

(2)   with regard to non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

b.   If a Producing Party makes any material described in Paragraphs 1(a)(1) or (a)(2) above available for review and inspection by another party prior to physical production of the material in the action, and the material does not contain confidentiality legends at the time of such review and inspection, the material shall nonetheless be deemed as Outside Counsel's Eyes Only Material under this Order until such time as confidentiality legends are affixed to such material.

c.   Any party may designate any or all portions of depositions taken pursuant to this action as Confidential or Outside Counsel's Eyes Only Material either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within thirty (30) days of receiving the transcript of the deposition.  All deposition transcripts not previously designated shall be deemed to be and shall be treated as if designated Outside Counsel's Eyes Only Material for a period of up to thirty

3

(30) days from receipt of the official transcript of the deposition by all parties to the deposition. A deponent may review the transcript of his or her deposition at any time.

      d.    Notwithstanding the obligations to timely designate Confidential or Outside Counsel's Eyes Only Material under the foregoing Paragraphs 1(a)-(c), the inadvertent or unintentional failure to designate specific Produced Material as Confidential or Outside Counsel's Eyes Only Material, shall not be deemed a waiver in whole or in part of the claim of confidentiality to the extent consistent with applicable law. Upon notice of such failure to designate, all receiving parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The receiving party shall return or certify the destruction of the undesignated Produced Material.

    2.    **Disclosure And Use Of Confidential And Outside Counsel's Eyes Only Material:**

      a.    All Confidential and Outside Counsel's Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in subparagraphs (d) and (e), and except as provided in subparagraph (f), of this Paragraph, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

4

b.      A party may not disclose Confidential Material to an in-house attorney pursuant to this Order until at least five (5) business days after: (i) the in-house attorney has signed an undertaking in the form of Exhibit A to this Order; (ii) the in-house attorney has provided a description of the in-house attorney's patent prosecution activities on behalf of any party to this action; and (iii) the undertaking has been served via email on the producing party.  If the producing party has good cause to object to the disclosure to the in-house attorney, the producing party must serve the party proposing to make the disclosure with a written objection within five (5) business days after service of the identification. Unless the parties resolve the dispute within five (5) business days after service of the objection (or a longer period if the parties so agree), the producing party must move the Court promptly for a ruling, and the Confidential Material may not be disclosed to the in-house attorney without the Court's approval. An in-house attorney granted access to Confidential Material under this paragraph shall provide an updated description of his/her patent prosecution activities if his/her patent prosecution activities on behalf of any party to this action change.

c.      If a party is served with a subpoena or discovery request in another action or any other request seeking by legal process the production of documents, things, information, or other material produced to it and designated as Confidential or Outside Counsel's Eyes Only Material in this action, such party shall promptly notify the Producing Party.

d.      Subject to Paragraphs 3-6 and 9 of this Discovery Confidentiality Order, Confidential Material may be disclosed, summarized, described, revealed or otherwise

5

made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(1)     outside counsel of record for the parties in this action (i.e., the outside law firms that are identified as counsel of record for the respective parties herein), and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

(2)     up to four (4) in-house corporate counsel representatives for each side (i.e., AstraZeneca and Sagent) and their staff;

(3)     outside experts and consultants and their staff retained to assist the parties in the conduct of this action;

(4)     witnesses or potential witnesses in this action, and their counsel;

(5)     the Court and its employees;

(6)     court reporters and translators; and

(7)     others as to whom the Producing Party has given written consent.

e.     Subject to Paragraphs 3-6 and 9 of this Discovery Confidentiality Order, Outside Counsel's Eyes Only Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(1)     outside counsel of record for the parties in this action (i.e., the outside law firms that are identified as counsel of record for the respective parties herein), and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

6

     (2)     outside experts and consultants and their staff retained to assist the parties in the conduct of this action;

     (3)     witnesses or potential witnesses in this action, and their counsel;

     (4)     the Court and its employees;

     (5)     court reporters and translators; and

     (6)     others to whom the Producing Party has given written consent.

     f.     This Order shall not apply to, and thus does not restrict any party's use, for any purpose, of (i) its own Confidential and Outside Counsel's Eyes Only Material, or (ii) any documents, things, information, or other material that, at the time of disclosure in this action, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in this action.

     g.     This Order shall not restrict any attorney who is a qualified recipient under the terms of the foregoing Paragraphs 2(d)(1) or 2(e)(1) from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Confidential and Outside Counsel's Eyes Only Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

3.     **Notice And Acknowledgement Of Order:**

     a.     Every person to whom Confidential or Outside Counsel's Eyes Only Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first

shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

b.      Furthermore, the in-house corporate counsel representatives who are qualified recipients under the terms of Paragraph 2(d)(2) and the outside experts/consultants who are qualified recipients under the terms of Paragraph 2(d)(3) and Paragraph 2(e)(2) to whom disclosure of Confidential or Outside Counsel's Eyes Only Material is intended, shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

4.      <u>**Notification Of Intent To Disclose And Objections**</u>:

a.      Before a party may initially disclose a Producing Party's: (i) Confidential Material to the in-house corporate counsel representatives who are qualified recipients under the terms of Paragraph 2(d)(2); or (ii) Outside Counsel's Eyes Only Material to the outside experts/consultants who are qualified recipients under the terms of Paragraph 2(d)(3) and Paragraph 2(e)(2), that party shall, at least five (5) business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose said Confidential or Outside Counsel's Eyes Only Material. Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 3(b) of this Discovery Confidentiality Order. With respect to outside experts/consultants listed in Paragraph 2(d)(3) and Paragraph 2(e)(2), the notification shall further include a current resume or *curriculum vitae* from the person and a list of the person's trial and deposition testimony given in the preceding four (4) years.

b.    The notification and signed acknowledgement shall be delivered by hand or electronic transmission.  Notification to AstraZeneca shall be delivered to:  Lisa Pensabene and Filko Prugo, O'Melveny & Myers LLP, 7 Times Square, Times Square Tower, New York, NY 10036; and John E. Flaherty and Ravin R. Patel, McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102. Notification to Sagent shall be delivered to: George H. Parsells, III and Michael Rato, McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, 1300 Mount Kemble Avenue, Morristown, NJ 07962; and Liane M. Peterson and Debra A. Lange, FOLEY & LARDNER LLP, 3000 K Street, NW, Suite 600, Washington, DC 20007.

c.    If a Producing Party receiving a notification of intent to disclose Confidential or Outside Counsel's Eyes Only Material believes in good faith that such disclosure of Confidential or Outside Counsel's Eyes Only Material would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure.  Such notice shall include the basis for the objection and shall be delivered in accordance with Paragraph 4(b) within five (5) business days of receipt of the notification of intent to disclose to which objection is made.  If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the Parties or the Court.  Failure to object within the time period set forth above shall be deemed consent.  If the Parties cannot resolve a dispute concerning the disclosure of Confidential Material under this Paragraph, either party may present the dispute to the Court initially by telephone conference call or letter to the Magistrate Judge, in accordance with L. Civ. R. 37.1(a)(1), before filing a formal motion for an order regarding the challenged disclosure.  Any such formal motion submitted

9

thereafter will be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issue raised by the motion without the intervention of the Court and that the Parties have been unable to reach agreement and will otherwise comply with L. Civ. R. 37.l(b)(l).  The party making the objection shall have the burden of proof that the intended disclosure should not occur.

5.     **Examination Of Witnesses:**   Confidential or Outside Counsel's Eyes Only Material may be disclosed to a witness and his/her counsel at a deposition, court hearing, or trial if: (a) the witness is an officer, director, or employee of the party who produced such Confidential or Outside Counsel's Eyes Only Material; (b) the witness was formerly an officer, director, or employee of the party who produced such Confidential or Outside Counsel's Eyes Only Material and the Confidential or Outside Counsel's Eyes Only Material existed during the period of his or her service or employment; (c) the Confidential or Outside Counsel's Eyes Only Material was authored by, created by, addressed to, received by, or signed by the witness, as demonstrated by the Confidential Material itself or foundation testimony during a deposition or trial; (d) the witness is a designee for the Producing Party under Fed. R. Civ. P. 30(b)(6) concerning any topic to which the Confidential Material is relevant; or (e) the Parties otherwise agree.

6.     **Inadvertent Production Of Privileged Material:**

a.     If information subject to a claim of attorney-client privilege, work product immunity, or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity, or other

ground for withholding production to which the Producing Party or other person otherwise would be entitled. If a written claim of inadvertent production is made pursuant to this Paragraph with respect to material then in the custody of another party, that party shall, upon receipt of such written notice, promptly return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form the material exists. The party returning such material may subsequently move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the material is requested.

b. Inadvertent failure to designate any material which a Producing Party claims should be Confidential or Outside Counsel's Eyes Only Material will not be deemed a waiver of the right to make that designation. That party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as Confidential or Outside Counsel's Eyes Only Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential or Outside Counsel's Eyes Only Material shall return or certify the destruction of the undesignated Produced Material.

c. Inadvertent failure to redact any material which a Producing Party claims should have been redacted for any purpose will not be deemed a waiver of the right to make that redaction. That party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as Confidential or Outside

11

Counsel's Eyes Only Material in accordance with this Order, and, upon request, shall destroy or promptly return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form the material exists.  The Producing Party shall produce replacement copies bearing proper redactions of any such material.  In the event that the inadvertently unredacted material should have been redacted for purposes of a claim of privilege, the party returning such material may subsequently move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the material is requested.

      d.    <u>Obligations Of Outside Counsel</u>:  It shall be the responsibility of outside counsel to ensure strict compliance with the provisions of this Order in their dealings with Confidential and or Outside Counsel's Eyes Only Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Order and all provisions thereof are made known to any person who shall examine Confidential or Outside Counsel's Eyes Only Material as provided herein.  All persons responsible for determining that material marked as provided in Paragraph 1 contains Confidential or Outside Counsel's Eyes Only Material shall be familiar with this Order and the scope of its protection.  All Confidential and Outside Counsel's Eyes Only Material including any and all copies thereof shall be kept by outside counsel or any other person having authorized access to such material under the provisions of this Order in a place appropriately safe, given its status.

7.  **Motions To Seal Or Otherwise Restrict Public Access To Materials And Judicial Proceedings:**

a.  If a party intends to file with the Court or the Clerk's office its own Confidential or Outside Attorney's Eyes Only Material or any document(s) containing its own Confidential or Outside Attorney's Eyes Only Material (a "Filed Disclosure"), or if a party intends to reveal its own Confidential or Outside Attorney's Eyes Only Material during a Court hearing or trial which is otherwise open to the public (a "Public Disclosure"), the party may file a motion to seal or otherwise restrict public access to the relevant Confidential or Outside Attorney's Eyes Only Material in accordance with L. Civ. R. 5.3(c).

b.  Any party filing with the Court any material that has been designated as Confidential or Outside Counsel's Eyes Only Material ("Filing Party"), shall comply with the requirements of L. Civ. R. 5.3, and shall simultaneously file a motion to seal such Confidential or Outside Counsel's Eyes Only Material in accordance with the provisions of L. Civ. R. 5.3, to prevent public disclosure; provided however, (a) the burden of proving to the Court that such Confidential or Outside Counsel's Eyes Only Material should be sealed under L. Civ. R. 5.3 shall at all times remain with the party that initially disclosed the Confidential or Outside Counsel's Eyes Only Material and that designated the material as Confidential or Outside Counsel's Eyes Only Material under the terms of this Order ("Designating Party"), and (b) if the Filing Party is not the Designating Party and is unaware of the specific basis for the Designating Party having designated Confidential or Outside Counsel's Eyes Only Material, then the Filing Party nonetheless is obligated to make a reasonable effort when filing Confidential or Outside Counsel's

13

Eyes Only Material to meet the provisions of L. Civ. R. 5.3.  In the event the Filing Party takes exception to any designation of Confidential or Outside Counsel's Eyes Only Material by the Designating Party, then the Filing Party may seek relief from such designation pursuant to the procedures set forth in this Order.

        c.      In accordance with L. Civ. R. 5.3(c)(3), any Confidential or Outside Counsel's Eyes Only Material submitted with regard to a motion to seal or to otherwise restrict public access shall be submitted to the Court pursuant to the procedures set forth in L. Civ. R. 5.3.

        8.      **Conclusion Of The Action:**  Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the Parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's Confidential or Outside Counsel's Eyes Only Material shall:  (a) return all Confidential or Outside Counsel's Eyes Only Material and any copies thereof to the appropriate outside counsel who produced the Confidential or Outside Counsel's Eyes Only Material; or (b) destroy such Confidential or Outside Counsel's Eyes Only Material.  Each party shall give written notice of such destruction to outside counsel for the Producing Party.  However, trial counsel may retain one copy of all pleadings for archival purposes.  Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraph 2(d)(3) and Paragraph 2(e)(2), derived from or containing Confidential or Outside Attorney's Eyes Only Material, shall after the conclusion of the action, be kept within the files of trial counsel for the party creating such work product, or be destroyed.

9.    **Contested Designations**:    A party shall not be obligated to challenge the propriety of designating any Confidential or Outside Counsel's Eyes Only Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any material as Confidential or Outside Counsel's Eyes Only Material, the Parties shall try first to resolve such dispute in good faith on an informal basis.  If the Parties cannot resolve the dispute, the objecting party may present the dispute to the Court initially by telephone conference call or letter to the Magistrate Judge, in accordance with L. Civ. R. 37.l(a)(l), before filing a formal motion for an order regarding the challenged designation.  Any such formal motion submitted thereafter will be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issue raised by the motion without the intervention of the Court and that the Parties have been unable to reach agreement and will otherwise comply with L. Civ. R. 37.1(b)(1).  The party seeking to restrict disclosure of material shall bear the burden of proof that the material constitutes Confidential or Outside Counsel's Eyes Only Material.  This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular material is or is not, in fact Confidential or Outside Counsel's Eyes Only Material. Although Confidential or Outside Counsel's Eyes Only Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Confidential or Outside Counsel's Eyes Only Material protected hereunder if it is demonstrated that such material either:

a.    was, is, or becomes public knowledge through means not in violation of this Order;

      b.     is acquired or was possessed by the receiving party in good faith without confidentiality restrictions or from a third party not subject to this Order, unless the third party is under a duty of confidentiality to AstraZeneca or Sagent;

      c.     is discovered independently by the receiving party by means that do not constitute a violation of this Order; or

      d.     was, is or becomes expressly released from being designated as Confidential or Outside Attorney's Eyes Only Material by the Producing Party or by order of this Court.

10.    **Non-waiver:**  The production of Produced Material by a Producing Party under the terms of this Order and in response to a request by a party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of said material.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.  Further, nothing in this Order constitutes an admission by any party that any specific item of Confidential or Outside Counsel's Eyes Only Material of another party is a trade secret or otherwise confidential and proprietary to that party.

11.    **Additional Parties:**  If an additional party joins or is joined in this action, the newly joined party shall not have access to Confidential or Outside Attorney's Eyes Only Material until the Parties agree to a supplemental Order governing the protection of Confidential or Outside Attorney's Eyes Only Material.

12.    **Third Parties:**  Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential or Outside Counsel's Eyes Only Material under this Order.  If it does so, then each party to the action will have with respect to such Confidential or Outside Counsel's Eyes Only Material the

same obligations which that party has with respect to Confidential or Outside Counsel's Eyes Only Material of another party to the action.

13.   **Attendance At Proceedings:**  If during the course of a deposition Confidential or Outside Counsel's Eyes Only Material is presented or produced, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with this Discovery Confidentiality Order to have access to such material.  If any party seeks to have a person not authorized in accordance with this Discovery Confidentiality Order excluded from a trial or any hearing or conference in this action, that party shall make an appropriate motion to the Court concerning the proposed exclusion at trial or the particular hearing or conference.

14.   **Unauthorized Disclosure:**   In the event of disclosure of any Confidential or Outside Counsel's Eyes Only Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose Confidential or Outside Counsel's Eyes Only Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.   The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or material is made.  Each party shall cooperate in good faith in that effort.

15.   **Termination Of Access:**

a.      In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Confidential or Outside Counsel's Eyes Only Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 8 of this Discovery Confidentiality Order, except

that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

      b.    The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential or Outside Counsel's Eyes Only Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

16.    **Modification:**  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.  This Order is issued without prejudice to any motion for modification in accordance with the Local Civil Rules of this Court and this Order shall be subject to amendment by the Court at any time.

Dated:  December 18, 2014

_s/John E. Flaherty_
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T: (973) 622-4444
F: (973) 297-3971

Lisa B. Pensabene
Filko Prugo
Will C. Autz
Margaret O'Boyle
Carolyn Wall
Eberle Schultz
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
T: (212) 326-2000

Dated:  December 18, 2014

_s/Michael Rato_
George H. Parsells, III
Michael Rato
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Telephone: (973) 993-8100
Fax: (973) 425-0161

Liane M. Peterson
Debra A. Lange
Margareta K. Sorenson
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007
Telephone: (202) 672-5300
Fax: (202) 672-5399

Matthew J. Shin
FOLEY & LARDNER LLP

18

F:(212) 326-2061

*Attorneys for Plaintiffs AstraZeneca*
*Pharmaceuticals LP, AstraZeneca*
*UK Limited, and AstraZeneca AB*

321 North Clark Avenue
Chicago, IL 60654
Telephone: (312) 832-4500
Fax: (312) 832-4700

*Attorneys for Defendant Sagent*
*Pharmaceuticals, Inc.*

SO ORDERED and SIGNED this 22nd day of December 2014

Hon. Karen M. Williams
United States Magistrate Judge

19

# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB,<br><br>Plaintiffs,<br><br>v.<br><br>SAGENT PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)  Case No. 1:14–cv–05539<br>)<br>)  Hon. Renée Marie Bumb, U.S.D.J.<br>)  Hon. Karen M. Williams, U.S.M.J.<br>)<br>)<br>)<br>) |

## ACKNOWLEDGEMENT TO ABIDE BY
## THE DISCOVERY CONFIDENTIALITY ORDER

I, _____, declare that:

1. I have read the foregoing Order entered as an Order of the United States District Court for the District of New Jersey, in the action entitled *AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB v. Sagent Pharmaceuticals, Inc.,* Civil Action No. 14-CV-05539 (RMB)(KMW).

2. My present employer is _____, and the address of my present employer is _____. My present occupation or job description is _____.

3. I understand and agree to be bound by the terms of this Order.

4. I will hold in confidence and will not disclose to anyone not qualified under the Order and will use only for purposes of this action, any Confidential or Outside Attorney's Eyes Only Material disclosed to me.

21

5. I will return all Confidential or Outside Attorney's Eyes Only Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

22